Filed 2/4/26  P. v. Bryant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C101115 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-162304) |
| v. | |
| ERIC JOSEPH BRYANT, | |
| Defendant and Appellant. | |

Defendant Eric Joseph Bryant killed his father and attempted to kill his mother. At trial, the prosecutor began her closing argument by saying, "The presumption of innocence is done."  The jury found Bryant guilty of second degree murder, attempted murder, and dissuading a witness.  On appeal, Bryant contends that the prosecutor committed prejudicial misconduct when she misstated the law about the presumption of innocence, violating his due process rights.  We conclude any error was harmless and will affirm the judgment.

1

BACKGROUND

Bryant lived in a trailer parked in his parents' driveway. His parents believed he had schizophrenia. One evening, Bryant joined his parents for dinner. Bryant argued with his parents because he wanted them to buy him a sports car. After dinner, Bryant stabbed his father with a knife and garden stake.

Bryant's mother heard a struggle, saw her husband on the floor, and tried to call 911, but passed out after Bryant hit her in the head. When she woke up, she tried to call 911 again. While she was speaking with a dispatcher, Bryant attacked her again. Bryant stabbed her with a hose guide, which she explained is a stake used to hold a garden hose in place, and she passed out. When Bryant's mother woke up, she was in the hospital, and her husband had died.

Police interviewed Bryant after they apprehended him hiding in his parents' backyard. In the interview, Bryant said that his father "got in [his] face" and threatened to call the police. As a result, Bryant started "formulating . . . an out." He stabbed both parents in the chest and said that he was "trying to get [his father] to fucking die." He answered affirmatively when asked if he was trying to kill his mother. Bryant explained that he was trying to make it look like his parents had been fighting each other and he had not been involved.

The People charged Bryant with murder (Pen. Code, § 187, subd. (a)), attempted murder (§§ 187, subd. (a), 664), and dissuading a witness by force or threat (§ 136.1, subd. (c)(1)).[1] The People also alleged enhancements for using a deadly weapon as to all three counts (§ 12022, subd. (b)(1)) and for great bodily injury on an elderly victim as to the attempted murder and dissuading a witness counts (§ 12022.7, subd. (c)).

Before the parties presented evidence, the trial court instructed the jury: "A defendant in a criminal case is presumed to be innocent. This presumption requires that

---

[1] Undesignated statutory references are to the Penal Code.

2

the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt unless I were to tell you otherwise."

At trial, Bryant did not dispute that he stabbed his parents or arranged the crime scene to look as if his parents had been fighting. He testified that he "was not really thinking" and was "in fight-or-flight mode." He said he made the "ill decision to continue to try and finish them off." A psychologist testified that Bryant was acting under the influence of an acute manic episode with psychotic features at the time of the crime.

After the close of evidence, the prosecutor began her closing argument by saying: "You've heard all the evidence in this case. The presumption of innocence is done. You now get to make a decision based on the evidence and the testimony you've heard. The People will now ask you to return a guilty verdict for first-degree murder, for attempted first-degree murder of [Bryant's mother], and a guilty verdict for dissuading a witness for [Bryant's mother]. We're asking for guilty verdicts on all three counts and true allegations – true findings on all of the allegations."

Defense counsel argued that Bryant did not act with the requisite mental state based on the psychologist's diagnosis, saying, "That's what this case is about, [Bryant's] mental illness here." Counsel explained that "the presumption of innocence remains throughout this trial, that the burden of proof is on the People here. We talked about that and we selected you as jurors and we asked you to abide by these promises."

In rebuttal, the prosecutor argued that Bryant had the necessary intent despite his mental illness. She concluded by referring jurors to the jury instructions, saying, "When you go back in to deliberations in a short period of time, you'll have all the jury instructions in front of you. You can review them all, see all the elements of the offenses in front of you to see what needs to be proved. [¶] And I have to prove these to you beyond a reasonable doubt. And as [the] judge has told you, it's beyond a reasonable

3

doubt, not beyond all doubt because everything is open to some imaginary doubt. . . . [¶] I'm confident that after reviewing all the evidence, all the testimony that was given to you, and you compare that to the law and the elements that I actually have to prove, that you will find the defendant guilty of both the first-degree murder of his father[,] . . . the premeditated attempted murder of his mother . . . as well as the dissuading a witness regarding his mother . . . and all the related enhancements to be true."

The trial court instructed the jury on reasonable doubt with CALCRIM No. 103 and on the duty to follow the law as instructed with CALCRIM No. 200. It again read an instruction on reasonable doubt, saying, "A defendant in a criminal case is presumed to be innocent. The presumption requires that the People must prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt." The court also instructed the jury that "You must follow the law as I explain it to you, even if you disagree with it. If you believe that the attorneys' comments on the law conflict with my instructions, you must follow my instructions."

The jury found Bryant not guilty of first degree murder, but guilty of the lesser included offense of second degree murder; guilty of attempted murder; and guilty of dissuading a witness. It found not true that he committed willful, deliberate, and premeditated attempted murder. The jury found the enhancement allegations true and found that Bryant acted maliciously and used force or threats as to the dissuading a witness count. The trial court sentenced Bryant to 15 years to life, plus 25 years, in state prison.

Bryant filed a timely notice of appeal.

                                   DISCUSSION

Bryant raises a single claim on appeal: that the prosecutor's statement to the jury that the presumption of innocence was "over" reflected misconduct under state law and violated his federal constitutional right to due process. The People contend Bryant

4

forfeited the issue because defense counsel did not object to the prosecutor's statement or request a curative admonition. Exercising our discretion to consider the claim and assuming that the prosecution's statement constituted federal constitutional error, we conclude any error was harmless.

"A prosecutor's conduct violates the federal Constitution when it infects the trial with unfairness, and violates state law if it involves the use of deceptive or reprehensible methods of persuasion." (*People v. Booker* (2011) 51 Cal.4th 141, 184 (*Booker*).) "When the claim focuses on the prosecutor's comments to the jury, we determine whether there was a reasonable likelihood that the jury construed or applied any of the remarks in an objectionable fashion." (*Id.* at pp. 184-185.)

"A defendant is presumed innocent until proven guilty, and the government has the burden to prove guilt, beyond a reasonable doubt, as to each element of each charged offense." (*Booker*, *supra*, 51 Cal.4th at p. 185.) "It is well established that the presumption of innocence continues into deliberations" and does not end once closing arguments begin. (*People v. Dowdell* (2014) 227 Cal.App.4th 1388, 1408.) We evaluate a federal constitutional error for prejudice using the standard in *Chapman v. California* (1967) 386 U.S. 18, which requires reversal unless we determine that the misconduct did not affect the jury's verdict beyond a reasonable doubt. (*Booker*, at p. 186; *People v. Jimenez* (2019) 35 Cal.App.5th 373, 386.)

Here, the trial court expressly instructed the jury about the presumption of innocence and explained that the People bore the burden of proving each of the required elements beyond a reasonable doubt. The court also instructed the jury to follow its instructions, rather than arguments of the attorneys, and we have no reason to doubt the jury followed the court's directions. (*People v. Cortez* (2016) 63 Cal.4th 101, 131 [" '[w]e presume that jurors treat the court's instructions as a statement of the law by a judge, and the prosecutor's comments as words spoken by an advocate in an attempt to persuade' "].) Moreover, in rebuttal, the prosecutor expressly referred jurors to the jury

5

instructions "to see what needs to be proved," shortly before reiterating her burden to establish the charges beyond a reasonable doubt. It is thus unlikely the jurors understood the prosecutor's earlier statement "to imply either a repudiation of those correct instructions or an invitation that the jury disregard or deviate from them." (*Id.* at p. 133.)

In addition, the evidence of Bryant's guilt was overwhelming. Bryant acknowledges that he made statements to police and in trial testimony that "he intended to kill his parents," that "he 'started formulating . . . an out' before he attacked them," that "he planned to bury them in the backyard," and that "he planned to make it look like his father had attacked his mother." Bryant's mother was also a witness to the attacks, and the People introduced her 911 call into evidence. Further, contrary to Bryant's current argument that his prior statements were the "false products of a psychotic mind grasping for a post hoc explanation for what he had done," he testified that he was trying to "act crazy" when he was apprehended by police because he was worried that they would use excessive force on him and he was trying to hide "the feelings of being considered a murderer of [his] parents." Given the context of the prosecutor's statement and the evidence of Bryant's guilt, we are convinced beyond a reasonable doubt that the prosecutor's comment did not affect the jury's verdict. (*Booker*, *supra*, 51 Cal.4th at p. 186.)

DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:


/s/
RENNER, Acting P. J.


/s/
BOULWARE EURIE, J.